IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M. DANIELS II,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>R.G. PIERCY, et al.,<br><br>　　　　　Defendants. | Case No. 1:10-cv-00630 JLT (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the Court is Plaintiff's complaint filed April 12, 2010.

**I.    SCREENING**

　　**A.    Screening Requirement**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000).

1

**B.     Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.     Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.   THE COMPLAINT

Plaintiff identifies R.G. Piercy, Patrick Hutcheson, Ronnie Sims, J. Renshaw and David Watson as defendants to this action. (Doc. 1 at 1) Plaintiff alleges that each of these defendants are now, or were at a relevant time in the past, employees of the "Fresno Unit 1 Parole Office." Id. at 3.

Plaintiff alleges that in 1998 he was convicted of a crime which required him to register as a sex offender according to California Penal Code section 290.[1] (Doc. 1 at 3) Plaintiff alleges that the victim of this crime was his 32-year old girlfriend at the time. Id. At a later time, Plaintiff was incarcerated at Avenal State Prison and was paroled on July 20, 2009. Id. Plaintiff alleges that after he was paroled, he reported to the Fresno Unit 1 Parole Office for monitoring. Id.

Plaintiff alleges that the Defendants reported, falsely, that he had been convicted in 1999 of raping a child under 14. (Doc. 1 at 3)  As a result, at some time in the past, a condition of parole was imposed on him that prohibited him from having contact with children. Id. Some time later, he was violated on parole due, it appears, to his violation of this condition. Id. Plaintiff alleges that as a result of this parole violation, he was placed in the SNY at Wasco State Prison. Id. Plaintiff does not provide any details about the parole revocation proceeding or any findings issued by the body.

Plaintiff claims that the false report was made so that he "would be labeled a violent child molester" and that it was done with the "intent to have me hurt or killed." Id. Based upon these allegations, Plaintiff requests that a "Federal Auditor" investigate his claims and that the parole

---

[1] Plaintiff alleges that he was convicted of Penal Code section 243.3 but this is battery of a transportation worker or passenger and is not a registerable offense. It seems more likely that the conviction was under California Penal Code section 243.4, sexual battery which is a registerable offense. Cal. Pen. Code 290(c).

3

condition, related to his involvement with children "be stricken." Id.

## III. DISCUSSION

### A. Heck v. Humphrey

Heck v. Humphrey, 512 U.S. 477, 486-487 (1994), prohibits a prisoner from raising a claim under 42 USC § 1983 that, if successful, would invalidate a conviction or sentence that has not been "reversed, expunged or called into question by issuance of a writ of habeas corpus." In Butterfield v. Bail, 120 F.3d 1023, 1024 n. 1 (9th Cir. 1997), the Ninth Circuit determined that Heck applies with equal force to parole decisions. Butterfield relied upon Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996). In Crow, the plaintiff, a former prisoner, was paroled on condition, among other conditions, that he not possess a firearm. Id. When he was later found to be in possession of a firearm, his parole was revoked. Id. Crow sued his probation officers and others and alleged that the condition of parole was unconstitutional and that his probation officer had misadvised him about the parole condition. Id. The Crow court relied upon Heck and determined that the lawsuit was properly dismissed because if the plaintiff was successful on this claim, it would invalidate the parole revocation. Id. Thus, Heck barred his lawsuit.

Here, Plaintiff alleges that he has a condition of parole that he not associate with children. (Doc. 1 at 3) Although Plaintiff fails to provide any facts about his parole revocation proceedings, it appears that Plaintiff's parole was violated, in part, on the grounds that he violated this condition of parole. Plaintiff alleges, "They violated me for trying to get my sis." Id. Therefore, because Plaintiff's success on this claims would likely imply the invalidity of his parole determination and confinement, the complaint must be dismissed.

### B. The complaint is vague and ambiguous

Plaintiff's complaint provides few facts. For example, the Court cannot determine whether Plaintiff is on the SNY because of the parole condition or some other reason, such as his need for a wheelchair, is the cause. Likewise, the Court cannot tell whether Plaintiff is complaining about his housing on the SNY and, if he is, how the SNY provides a condition of confinement that is "atypical and [a] significant hardship in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Likewise, Plaintiff has failed to provide any facts that demonstrate that due to the

parole condition he has suffered injury at the prison, that he has, in fact, been labeled as a child molester or been injured as a result.

On the other hand, the Court is uncertain as to the relief that Plaintiff seeks. He appears to want a federal official to investigate his claims. However, to be entitled to relief, *he* must prove his claims. It follows then, that if he proves his claim, he would have no need for a federal investigation of his claim.

### C. Leave to Amend

The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies, to the extent possible, identified by the Court in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). If Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## IV. CONCLUSION

In accordance with the above, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed;
2. Plaintiff is granted thirty (30) days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

      4.    Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed. <u>See</u> Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated:   **January 26, 2011**                                                     /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE