IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M. DANIELS II,<br><br>    Plaintiff,<br><br>   vs.<br><br>R.G. PIERCY, et al.,<br><br>    Defendants.  | Case No. 1:10-cv-00630 JLT (PC)<br><br>ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Doc. 8) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the Court is Plaintiff's complaint filed April 12, 2010.

**I.    SCREENING**

   **A.    Screening Requirement**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000).

**B.     Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.     Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell

1  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
2  (1957)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than
3  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"
4  Twombly, 550 U.S. at 555 (citations and quotations omitted).  Rather, the complaint "must contain
5  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
6  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S.
7  at 570).  Vague and conclusory allegations are insufficient to state a claim under § 1983. Ivey v. Board
8  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.   THE FIRST AMENDED COMPLAINT

As in his original complaint, Plaintiff identifies R.G. Piercy, Patrick Hutcheson, Ronnie Sims, J. Renshaw and David Watson as defendants to this action. (Doc. 8 at 1)  Plaintiff alleges that the defendants have filed false reports which resulted in him having parole terms imposed on him that would be consistent with a conviction for child molestation. Id.  However, Plaintiff asserts that he has not been convicted of any child-related, sex crimes. Id.  Plaintiff asserts that the false reports pose the potential for him to face "harsher penalties" in future parole hearings. Id.   Also, Plaintiff alleges that this false report has resulted in a wrongful prison housing classification such that he is being housed on the Special Needs Yard at his prison. Id. Based upon these facts, Plaintiff seeks to have the wrongful parole terms including, curfew and no contact with minors, removed from his parole conditions. Id.

## III.   DISCUSSION

### A.   The matter is barred by Heck v. Humphrey

Heck v. Humphrey, 512 U.S. 477, 486-487 (1994), prohibits a prisoner from raising a claim under 42 USC § 1983 that, if successful, would invalidate a conviction or sentence that has not been "reversed, expunged or called into question by issuance of a writ of habeas corpus."  In Butterfield v. Bail, 120 F.3d 1023, 1024 n. 1 (9th Cir. 1997), the Ninth Circuit determined that Heck applies with equal force to parole decisions. Butterfield relied upon Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996). In Crow, the plaintiff, a former prisoner, was paroled on condition, among other conditions, that he not possess a firearm. Id.  When he was later found to be in possession of a firearm, his parole was revoked. Id.   Crow sued his probation officers and others and alleged that the condition of parole was

1 unconstitutional and that his probation officer had misadvised him about the parole condition. Id. The
2 Crow court relied upon Heck and determined that the lawsuit was properly dismissed because if the
3 plaintiff was successful on this claim, it would invalidate the parole revocation. Id. Thus, Heck barred
4 his lawsuit.

5 Here, Plaintiff alleges that conditions of his parole were based upon the false report that he is a
6 child molester. (Doc. 8 at 1) In this litigation, he seeks to have these parole conditions and any others
7 related to child molestation, "removed" so that he will not be faced with "harsher penalties" in future
8 parole hearings. Id. However, because Plaintiff seeks to modify his former terms of parole in this
9 litigation and his success on this claim would likely imply the invalidity of his former parole
10 determination and confinement[1], the complaint must be dismissed. Plaintiff must make a direct attack
11 on the past parole determination in order to have his parole terms reviewed. Alternatively, he must
12 mount a defense at a future parole hearing and challenge the alleged false report at that time and then
13 if this fails, challenge that parole determination directly. He cannot attack either the past or future parole
14 determinations collaterally through the mechanism of a § 1983 action.

15 **B.   The complaint does not state an Eighth Amendment challenge**

16 Plaintiff challenges, at least impliedly, his prison classification which has resulted in his
17 placement on the Special Needs Yard. (Doc. 8 at 1) Plaintiff asserts that his classification was improper
18 because it was based upon the false report that he is a child molester. However, an inmate has no
19 constitutional right to a particular prison or security classification. Moody v. Daggett, 429 U.S. 78, 88
20 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987).
21 Similarly, "[b]ecause the mere act of classification 'does not amount to an infliction of pain,' it 'is not
22 condemned by the Eighth Amendment.'" Myron v. Terhune, 476 F.3d 716, 719 (9th Cir.), cert. denied,
23 552 U.S. 959 (2007); Hoptowit v. Ray, 682 F.2d 1237, 1256 (9th Cir. 1982). The fact that the
24 classification impacts his housing likewise, does not state a constitutional claim. An inmate does not
25 have a constitutional right to be housed in a particular institution or within a particular unit at that
26 institution. Meachum v. Fano, 427 U.S. 215, 225 (1976); White v. Lambert, 370 F.3d 1002, 1013 (9th

---

28 [1] It is unclear whether Plaintiff is in custody due to a violation of a "child molester" parole term, though his original complaint implied this. (Doc. 1 at 3)

4

Cir. 2004), cert. denied, 543 U.S. 991 (2005).

Finally, the fact that parole has "classified" Plaintiff as a child molester such that Plaintiff fears that he will receive "harsher" parole consequences at a future parole hearing, is insufficient to state a constitutional violation. The mere possibility of an adverse parole decision does not implicate a liberty interest. See Sandin v. Conner, 515 U.S. 472, 487, (1995).

### C. Leave to amend will not be granted

As noted above, to plead a cognizable § 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal or constitutional right, and (2) the person who deprived plaintiff of that right acted under color of state law. West, 487 U.S. at 48. Plaintiff has been given a prior opportunity to state a constitutional claim but has demonstrated only that he cannot do so. Thus, the Court declines to provide Plaintiff with leave to amend. "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Based upon the facts alleged by Plaintiff, it is patent that he cannot state a constitutional violation. Accordingly, the Court will dismiss this action at this time for Plaintiff's failure to state a cognizable § 1983 claim.

## IV. CONCLUSION

For the reasons set forth above, it is HEREBY ORDERED that:

1. This action is dismissed for Plaintiff's failure to state a cognizable claim;
2. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk of the Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated:   **February 23, 2011**            /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE

5